# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      *Plaintiff,*

      v.                                   Civ. No.  13-250

2006 INFINITI G-35
VIN: JNKCV54E26M721826,

      *Defendant,*

and

JAVIER ADRIAN BALBUENA-RODRIGUEZ,

      *Claimant.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff states:

### JURISDICTION AND VENUE

1.      This is a civil action *in rem* for forfeiture of Defendant property which has been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico; and during the pendency of this action Defendant, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

2.      The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355 and 1356.

3.      Venue is proper under 28 U.S.C. §§ 1355 and 1395.

4.      The "res" or property which is the subject of this action consists of 2006 Infiniti G-35 VIN:JNKCV54E26M721826 (hereafter referred to as "Defendant Vehicle").

PARTIES AND CLAIMANTS

5.    The following persons may claim an interest in Defendant Vehicle:

(a).    Javier Adrian Balbuena-Rodriguez.


FACTS

6.    Since April 2012, the Drug Enforcement Administration (DEA), in conjunction with the Bureau of Indian Affairs (BIA), conducted multiple wire intercepts on phones utilized by members of the Corina Chavez Drug Trafficking Organization (DTO).  During the investigation, Javier Balbuena-Corral (father of Javier Adrien Balbuena-Rodriguez, AKA Javi Jr.) was identified as one of Corina Chavez's sources of supply (SOS) for methamphetamine and cocaine in Ruidoso Downs, New Mexico.

7.    In August of 2012, Corina Chavez and fifteen (15) other co-conspirators were indicted on charges stemming from this wiretap investigation and have been arrested on the indictments. *U.S v. Corina Angela Chavez, et al.*, USDC D.N.M. Criminal No. 12-2006 RB.

8.    Agents believed Javier Balbuena-Corral was employed as a trainer or stable hand and was known to follow the horse racing circuit around New Mexico and West Texas.  During the wiretap portion of this investigation, the horse races were in Ruidoso Downs, New Mexico. Therefore Javier Balbuena-Corral was spending a majority of his time in Ruidoso Downs, New Mexico. When the horse races moved to Hobbs, New Mexico, Javier Balbuena-Corral, his son (Javier Adrian Balbuena-Rodriguez, AKA Javi Jr.) and his wife (Gabriela Rodriguez-Romero) followed the races and spent a majority of their time in Hobbs, New Mexico.

2

9.      During the Corina Chavez DTO investigation, Gabriela Rodriguez-Romero was used as a body courier to transport cocaine, methamphetamine and U.S. currency in and out of the country for Javier Balbuena-Corral.

10.     Javier Adrian Balbuena-Rodriguez, AKA Javi Jr., distributed cocaine and methamphetamine in and around the racing circuit for his father, Javier Balbuena-Corral.

11.     Agents determined through investigation that Javier Balbuena-Corral's SOS for both cocaine and methamphetamine were in Mexico.

12.     During investigation, Javier Balbuena-Corral distributed gram and ounce level quantities of methamphetamine and cocaine.

13.     Agents conducted three undercover (UC) purchases of methamphetamine:

      a.      On July 10, 2012, Javier Balbuena-Corral told Javier Adrian Balbuena-Rodriguez, AKA Javi Jr., to make sure that the 2 ounces of methamphetamine that Javi Jr. was going to deliver weighed exactly 56 grams.  On July 11, 2012, Javi Jr., at the direction of Javier Balbuena-Corral, distributed approximately 2 ounces of methamphetamine (54.8 net grams of pure methamphetamine) to a UC agent in Ruidoso, NM, in exchange for $3,100;

      b.      On August 7, 2012, Javier Balbuena-Corral distributed approximately 4 ounces of methamphetamine (110 grams of pure methamphetamine) to a UC agent in exchange for $6,200 at the Ruidoso Racetrack and Casino;

      c.      On September 21, 2012, Javi Jr. drove Javier Balbuena-Corral in the Chevrolet Camaro that was later seized (see paragraph 19(d)) to the casino

in Hobbs, NM, where Javier Balbuena-Corral distributed approximately 1 ounce of methamphetamine to a UC agent in exchange for $1,600.

14. On October 17, 2012, Javier Balbuena-Corral, Javier Adrian Balbuena-Rodriguez (AKA Javi Jr.), and Gabriela Rodriguez-Romero were indicted by a Federal Grand Jury for violations of 21 U.S.C §§ 846 and § 841 in *U.S. v. Javier Balbuena-Corral, et al.*, USDC D.N.M. Criminal No. 12-618.

15. On October 19, 2012, Agents conducted a UC operation in Hobbs, New Mexico. Javier Balbuena-Corral delivered 3 ounces of methamphetamine to a UC agent, and was arrested on the outstanding warrant.

16. Subsequent to his arrest on October 19, 2012, Javier Balbuena-Corral was searched and the following were found on his person:

   a. approximately 85.1 gross grams of methamphetamine,

   b. approximately 20.6 gross grams of cocaine, and

   c. $497 in U.S. Currency.

17. After his arrest and after the Defendant Vehicle and other vehicles had already been seized, Javier Balbuena-Corral stated the vehicles were in Mexico.

18. Agents subsequently searched Javier Balbuena-Corral's living quarters at the race track and seized $4,149 in U.S. Currency.

19. After this search Javier Balbuena-Corral admitted he was not employed at the racetrack and was there only to sell narcotics.

20.     On October 19, 2012, Agents executed a Federal Search Warrant at the residence of Javier Balbuena-Corral and Gabriela Rodriguez-Romero at 850 Talbot Avenue, Trailer D21 in Canutillo, Texas.  Agents seized the following from the residence:

   a.  $10,228 in U.S. Currency,

   b.   $729 in U.S. Currency,

   c.  a 2007 Chevrolet Avalanche, and

   d.  a 2010 Chevrolet Camaro LT.

21.     Later the same night of October 19, 2012, Agents located the house of Ingrid Gonzalez (girlfriend of Javier Adrian Balbuena-Rodriguez, AKA Javi Jr.) at 637 Milton Henry in El Paso, Texas, and seized two vehicles:

   a.     a 2006 Infiniti G35 (the Defendant Vehicle), and

   b.     a 2000 Chevrolet Corvette.

22.     Agents had prior knowledge that Javier Balbuena-Corral, Gabriela Rodriguez-Romero and Javier Adrian Balbuena-Rodriguez (AKA Javi Jr.) stored these two vehicles at Ingrid Gonzalez's residence.

23.     A short time later, Javier Adrian Balbuena-Rodriguez, AKA Javi Jr., arrived at Ingrid Gonzalez's house at 637 Milton Henry in El Paso, Texas, and was arrested on the outstanding Federal Arrest Warrant.

24.     Javier Adrian Balbuena-Rodriguez, AKA Javi Jr., later told agents that his father's vehicles were paid off, including the 2006 Infiniti G35 (the Defendant Vehicle), which was a gift to him from his father.

25.     The 2006 Infiniti G35 was seized as profits from drug proceeds.

26.     The front of an Arizona Certificate of Title issued on October 25, 2011, lists the registered owner of the 2006 Infiniti G35 as Progressive Casualty Insurance Company. The reverse of the title states that Progressive Insurance sold the vehicle to Continental Auto in El Paso, TX, on December 13, 2011, and Continental Auto sold it to Javier Balbuena on May 22, 2012.

27.     The Application for vehicle title and registration lists February 20, 2012, as the date Javier Balbuena purchased the 2006 Infiniti for $12,500 less $10,000 for a trade-in.

28.     Javier Balbuena-Corral has no documented legitimate income.

29.     Javier Adrian Balbuena-Rodriguez, AKA Javi Jr., is a citizen of Mexico and does not have a valid work visa for legitimate employment in the United States.

## CLAIM FOR RELIEF

30.     Defendant Vehicle is subject to arrest and forfeiture to Plaintiff under 21 U.S.C. § 881(a)(4) because it was used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of illegal controlled substances.

31.     Defendant Vehicle is subject to arrest and forfeiture to Plaintiff under 21 U.S.C. § 881(a)(6) because it was furnished, or intended to be furnished, in exchange for an illegal controlled substance, or constitute proceeds traceable to such an exchange, or were used or intended to be used to facilitate a violation of the Controlled Substances Act.

WHEREFORE: Plaintiff seeks arrest of Defendant Vehicle and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Vehicle, costs and expenses of seizure and of this proceeding, and other proper relief.

6

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

CYNTHIA L. WEISMAN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM  87103-0607
(505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: *3-12-2013*

Amy M. Billhymer, Special Agent
Drug Enforcement Administration

8